**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 26 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In re: BRYAN K. FOSTER,

    Debtor.

---

JEFFREY L. HILL, Trustee,

    Plaintiff - Appellant,

v.

DALE KINZLER,

    Defendant - Appellee.

No. 00-1381

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-Z-668)**

---

Mark A. Redmiles, Senn Lewis & Visciano, P.C., Denver, Colorado, for Plaintiff-Appellant.

Garry R. Appel of Appel & Lucas, Denver, Colorado, for Defendant-Appellee.

---

Before **MURPHY** and **BALDOCK**, Circuit Judges, and **VAN BEBBER**, District Judge*

---

**BALDOCK**, Circuit Judge.

---

* The Honorable G. Thomas Van Bebber, Senior United States District Court Judge for the District of Kansas, sitting by designation.

This is an appeal from a district court order affirming the bankruptcy court's imposition of a constructive trust on funds the Debtor fraudulently obtained from Defendant. The bankruptcy court ruling permits Defendant to retain a series of post-petition transfers the Trustee sought to avoid. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

## I.

The Debtor, Bryan K. Foster ("Foster"), operated several "Ponzi" investment schemes whereby returns to investors were paid not from profits derived from an underlying business venture, but with funds received from new investors. The business venture in which investors believed they were investing did not exist. Defendant Dale Kinzler ("Kinzler") was one of several individuals Foster fraudulently induced to invest funds in the scheme. Foster commingled in general bank accounts the funds from his fraudulent activities.

On August 15, 1996, several investors filed an involuntary petition against Foster under Chapter 7 of the Bankruptcy Code in the District of Colorado. See 11 U.S.C. § 303. On September 18, 1996, Foster consented to entry of an order for relief. See id. Between the filing of the petition and the entry of the order for relief (the "Gap Period"), Foster initiated a series of transfers to Kinzler. The Trustee sought to avoid these transfers pursuant to § 549 of the Bankruptcy Code.

Under § 549, a trustee may avoid a transfer of estate property that occurs after commencement of the case without court approval. 11 U.S.C. § 549(a). The parties do not dispute that the transfers occurred without court approval and after commencement of the case; the parties dispute whether the transferred funds were property of the estate. Kinzler argued before both the bankruptcy court and district court that the funds were subject to a constructive trust and thus not property of the estate. The bankruptcy court agreed and dismissed the Trustee's § 549 complaint. The district court affirmed the bankruptcy court order.

## II.

Property subject to a trust is not property of the bankruptcy estate. See Cunningham v. Brown, 265 U.S. 1, 11 (1924); In re M&L Bus. Mach. Co., Inc., 59 F.3d 1078, 1081 (10th Cir. 1995). The party seeking imposition of a constructive trust bears the burden of establishing the trust requirements. In re Seneca Oil, 906 F.2d 1445, 1449 (10th Cir. 1990). We look to state law to determine whether a party has met this burden. See Butner v. United States, 440 U.S. 48, 55 (1979); In re Southmark Corp., 49 F.3d 1111, 1118 (5th Cir. 1995).

Under Colorado law, a constructive trust is a judicially created equitable remedy applied to prevent unjust enrichment. In re Marriage of Allen, 724 P.2d 651, 657 (Col. 1986). To warrant imposition of a constructive trust over the property of a debtor, a claimant must (1) show fraud or mistake in the debtor's acquisition of the property; and (2)

be able to trace the wrongfully held property. See In re Seneca Oil, 906 F.2d at 1449. The parties agree Foster acquired the funds through fraud. The bankruptcy court applied a judicial tracing fiction known as the lowest intermediate balance rule to conclude Kinzler met the tracing requirement.

The lowest intermediate balance rule permits a claimant to trace trust funds deposited into a general account. Under this rule, any funds removed from the account are presumed to be the debtor's personal funds to the extent these funds exceed the beneficiary's equitable interest. See In re Mahan, 817 F.2d at 684-85. Although new deposits are not subject to the equitable claim of the trust beneficiary, subsequent withdrawals are presumed to draw first upon the new funds. Id. at 685. Applying the rule, the constructive trust beneficiary may retrieve the lowest balance recorded after the funds were commingled.[1] The bankruptcy court applied this rule to determine the amount of funds subject to Kinzler's constructive trust.

_____

[1] An example may illustrate the rule's application: Assume a fiduciary commingles $10,000 of trust money with $10,000 of personal money in his personal account. The fiduciary then withdraws $10,000 from the account. Applying the rule, the fiduciary draws first upon his own funds. Thus, the $10,000 remaining in the account is the trust money. Assume the fiduciary later withdraws an additional $5,000. Only $5,000 remains in the account and the trust balance is thus reduced to $5,000. Assume the fiduciary then deposits $5,000 of personal funds in the account, bringing the account balance back up to $10,000. Because new deposits are not subject to the trust, the trust balance remains at $5,000. Although any later withdrawals will draw first upon the new funds, the trustee cannot recover more than $5,000. Thus, the trustee can recover the lowest balance recorded after the fiduciary commingled funds. See In re Mahan, 817 F.2d at 685 (citing 76 Am. Jur. Trusts 2d. § 307 (1992)).

III.

On appeal, the Trustee contends that the bankruptcy court should not have applied an equitable tracing fiction to elevate the claim of one defrauded creditor over the claims of other similarly situated creditors.[2] The matter was before the bankruptcy court on cross motions for summary judgment. We review de novo an appeal from a motion for summary judgment. In re O.J. Osborn, 24 F.3d 1199, 1202 (10th Cir. 1994).

The bankruptcy court failed to consider whether its use of a tracing fiction was equitable in this case. The lowest intermediate balance rule is an equitable fiction that should not be employed where equity does not warrant the result. See id. See also Ruddle v. Moore, 411 F.2d 718, 719 (D.C. Cir. 1969); In re Lemons & Assoc., Inc., 67 Bankr. 198, 213-14 (Bankr. D. Nev. 1986). Courts refuse to employ the lowest intermediate balance fiction where the commingled account is comprised largely of funds acquired from other fraud victims. See Cunningham, 265 U.S. at 13 ("The rule is useful to work out equity between a wrongdoer and a victim; but when the fund with which the wrongdoer is dealing is made up of the fruits of frauds perpetrated against a myriad of

---

    2 The Trustee also contends that the bankruptcy court erred in failing to consider the equities of the case before imposing the equitable remedy of a constructive trust. Alternatively, the Trustee urges this Court to adopt recent Sixth Circuit Court of Appeals precedent which holds that a bankruptcy court's imposition of a constructive trust is an impermissible circumvention of the Bankruptcy Code's system of ratable distribution and per se reversible error. See In re Omegas Group, Inc., 16 F.3d 1443, 1453 (6th Cir. 1994). Because we conclude the district court erred in applying a tracing fiction without first determining whether other creditors were similarly situated, we need not address these arguments.

victims, the case is different."); In re M & L Bus. Mach. Co., 59 F.3d at 1082 ("Absent direct identification of the defrauded funds, it is to the detriment of all similarly situated creditors to favor one defrauded party over another.").

Kinzler cannot directly trace the funds received in the post-petition transfer to the funds he invested and must rely on the judicial tracing fiction to meet the tracing requirement. We recognize that Kinzler transferred funds to Foster immediately prior to the bankruptcy filing and that these funds comprised a significant portion of the balance in Foster's account on the date the bankruptcy petition was filed. Foster, however, deposited the funds into a general account in which he commingled funds received from other investors. All transfers from this account, including the transfer to Kinzler, were comprised of funds received from victims of Foster's fraud.

The Trustee asserts that Foster's creditors are almost exclusively similarly-situated fraud victims. A tracing fiction should not be employed to elevate Kinzler's claim over the claims of other creditors if those creditors are similarly situated. The court did not determine if the other creditors are similarly situated and thus erred in employing the tracing fiction.

IV.

In a bankruptcy proceeding, the bankruptcy court must weigh the claims of the remaining creditors before employing an equitable fiction such as the lowest intermediate balance rule. The court did not determine if the equities support use of the tracing fiction.

6

Accordingly, this matter must be reversed and remanded.

REVERSED and REMANDED.